FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2011 MAY 31 PM 2: 29

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

NORMAN HOEWISCHER, individually,

Plaintiff,

v.

Case No. 3:11-cv-548-J-12JRK

JACKSONVILLE RESTAURANT
ASSOCIATES, LLC, a foreign limited liability
company,

Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, NORMAN HOEWISCHER, individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, JACKSONVILLE RESTAURANT ASSOCIATES LLC, LC, a foreign limited liability company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1. Plaintiff is a Florida resident, lives in Duval County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is bound to ambulate in a wheelchair.

2. Defendant's property, Village Inn Restaurant, 10140 San Jose Blvd., Jacksonville, FL 32257, is located in the County of Duval.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Village Inn Restaurant, 10140 San Jose Blvd., Jacksonville, FL 32257.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Village Inn Restaurant not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Village Inn Restaurant has shown that violations exist. These violations include, but are not limited to:

## Parking

There is not at least one accessible route complying with ADAAG 4.3 provided within the boundary of the site from public sidewalks to an accessible building entrance, preventing the plaintiff from using a safe accessible route from public sidewalks adjoining facilities as requried by ADAAG 4.1.2.1.

Ramps on the accessible parking space provided on site project into the accessible parking space in violation of ADAAG 4.6.3.

Accessible parking spaces have cross slopes exceeding the required maximum slope of 1:50 or 2%. The slopes of the existing sidewalk range from 2.6% - 4.3% ( or 1:38 - 1:24). The entrance doors have hardware that is flat and requires pinching as defined by the ADAAG which makes opening by plaintiffs difficult in violation of ADAAG 4.13.9.

## Entrance Access and Path of Travel interior

Doors provided on site are not automatic and/or power assisted and do not have the proper maneuvering space relative direction per ADAAG fig. 25 which prevents plaintiff from using these doors which is in violation of ADAAG 4.13.6.

Though the ADAAG requirement is that at least 5% of fixed tables provided in the entire facility are required to be accessible, seating at the tables provided does not have proper knee clearance of at least 19". Plaintiff is not able to pull his wheelchair under the table in violation of ADAAG 5.1 and ADAAG 4.32.

Entrance to the facility is through two doors in series. The minimum space between the two entrance doors, whether hinged or pivoted, is not 48 in (1220 mm) plus the width of any door swinging into the space, making difficult for the plaintiff to enter the facility and in violation of ADAAG 4.13.7.

## Access to Goods and Services Restroom

There are permanently designated interior and exterior spaces without proper signage in violation of ADAAG 4.15.

There are restrooms for public use at the facility without the required disabled use elements in violation of several sections of the ADAAG.

The signs which designate permanent rooms and spaces have no Braille nor do they protrude 1/32" in violation of ADAAG 4.30.4, 4.30.5 and 4.30.6.

The signage finish and contrast are in violation of ADAAG 4.30.5.

The signage is improperly mounted and does not allow a person within 3" of the door without encountering the swing of the door in violation of ADAAG 4.30.6.

The toilet room doors are not automatic or power assisted and they do not have the maneuvering space relative direction per ADAAG fig. 25 making it very difficult for the plaintiff to approach, open and enter the door jn violation of ADAAG 4.13.6.

The door pressure to enter the facility exceeds 5# in violation of ADAAG 4.13 and 404.2.9.

When open 90 degrees, the opening to the toilet width is not 32" clear from the stile to the face of the door which is inhibited by the vanity in violation of ADAAG 4.13.5

There is no unobstructed turning space (60" diameter circle or T- shaped space) in the toilet/bath room. This prevents the plaintiff from using the toilet room. The clear floor space of fixtures and controls, the accessible route and the turning space may overlap in violation of ADAAG 4.23.3.

The paper towel dispenser is located above the reach range in violation of ADAAG 4.27.3.

There is no clear floor space measuring at least 30" x 48" in front of the lavatory allowing for a forward approach in violation of ADAAG 4.19.3, 4.2.4.

The handles, locks and other operating devices on toilet room doors do not have a shape that is easy to grasp and they do require twisting of the wrist to operate which makes it difficult for the plaintiff to open the doors. The hardware on these doors does not meet the guidelines of ADAAG 4.13.9.

The rear grab bar is not horizontal and mounted between 33" and 36" above finished floor in violation of ADAAG 4.16.4, Figure 29.

The mirrors that are provided do not have at least one mirror with a bottom edge of the reflecting surface no higher than 40" from the floor in violation of ADAAG 4.22.6, 4.23.6 and 4.19.6.

The toilet paper dispenser is located beyond the 36" requirement from the rear wall in violation of ADAAG Figure 29.

The centerline of the toilet is not 18" from a wall or partition in violation of ADAAG 4.22.4, preventing plaintiff from properly sitting on the water closet.

The top of the toilet seat is not between 17" and 19" from the floor in violation of ADAAG 4.16.3, preventing the plaintiff from properly transferring onto his wheelchair.

The flush controls are not automatic or operable with one hand without tight grasping, pinching, or twisting of the wrist in violation of ADAAG 4.16.5. and 4.27.4.

The lavatory in the restroom does not meet the requirements of ADAAG 4.19.

Toilet facilities are provided on site and the common use toilet facilities do not comply with ADAAG 4.22, preventing plaintiff from using them.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA and FAC violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC.

12. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make

reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Village Inn Restaurant to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Barbra R. Joyner, Esq.
Of Counsel
Thomas B. Bacon, P.A.
1470 E. Michigan St.
Orlando, Florida 32806
Phone: (407) 481-7997
Fax: (407) 481-7986
bjoyneresq@aol.com
Florida Bar. Id. No. 141348

By: /s/Barbra R. Joyner, Esq.
    Barbra R. Joyner, Esq.

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328'
Email: tbb@thomasbaconlaw.comP
Phone: (954) 478-7811
Fax: (954) 237-1990
Florida Bar. Id. No. 139262
By: /s/ Thomas B. Bacon, Esq.
    Thomas B. Bacon, Esq.